# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

| | |
|---|---|
| JASDEEP SINGH GREWAL;<br>MANMOHAN SINGH BHAMRA;<br>and JASBIR SINGH | PLAINTIFFS/<br>COUNTERCLAIM DEFENDANTS |
| v. | NO. 3:16CV00101 JLH |
| HARMINDER SINGH HIRA;<br>and JJB&H HOTELS, LLC | DEFENDANTS/<br>COUNTERCLAIM PLAINTIFFS |

## OPINION AND ORDER

Jasdeep Singh Grewal, Manmohan Singh Bhamra, and Jasbir Singh allege that Harminder Singh Hira breached a contract that he entered into with them. The plaintiffs have asserted additional claims against Hira and JJB&H Hotels, LLC, but presently are moving for summary judgment on their breach-of-contract claim only. Hira acknowledges an agreement between himself and Grewal and Bhamra, but he disputes that Jasbir was a part of the agreement. Hira also says that Grewal and Bhamra have breached the terms of the agreement, and he has alleged a breach-of-contract counterclaim.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

Grewal, Bhamra, and Hira are members of JJB&H Hotels, LLC, an entity that was formed to purchase a hotel in Jonesboro, Arkansas. Grewal and Bhamra each hold a 15% interest in JJB&H,

and Hira holds the remaining 70% interest. Document #40-3 at 15. The members' interest in the company was based on the percentage of their respective capital contributions to the company. *Id.* ¶11. After the company was formed and initial contributions were made, discussions arose regarding paying Hira back some of his contribution in exchange for 20% of the interest that Hira held. These discussions resulted in a promissory note setting forth the conditions and terms of repayment to Hira. Hira says that this agreement was made with Grewal and Bhamra and not Jasbir. Document #41 at ¶7. The plaintiffs point out that Jasbir is included in the promissory note, and Hira and Jasbir, as well as Grewal and Bhamra, each signed the note. Document #35-1.

The plaintiffs argue that Hira has breached the agreement by not transferring 20% of his interest to them. The promissory note, though, does not include any provision on the transfer of 20% of Hira's ownership interest. Hira acknowledges that he agreed to transfer 20% to be split between Grewal and Bhamra, but there is no document evidencing whether Jasbir was also to receive some of Hira's stake. Hira has produced record evidence that the plaintiffs have failed to make timely payments and so have breached the terms of the promissory note. This breach, Hira argues, means that he is released from any obligation he had under the terms of the agreement. The plaintiffs counter that Hira anticipatorily breached his obligation to perform under the contract. Whether there has been a breach and which party committed it ordinarily is a question of fact. *See NCCF Support, Inc. v. Harris McHaney Real Estate Co.*, 2010 Ark. App. 384, 8, 376 S.W.3d 459, 464 (2010).

These issues are intertwined with issues as to which no motion for summary judgement has been filed. Consequently, the resolution of these issues should be postponed until the record is fully developed at trial, as it will be whether or not the court grants summary judgment.

The plaintiffs' motion for partial summary judgment is, therefore, DENIED. Document #33.

IT IS SO ORDERED this 12th day of March, 2018.

                                                                                      _____
                                                                                      J. LEON HOLMES
                                                                                      UNITED STATES DISTRICT JUDGE